800 F.2d 260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gloria Alice CONDIT, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 86-3978.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1986.
Decided Sept. 10, 1986.
 
 Gloria Alice Condit, appellant pro se.
 Larry David Adams, Office of the United States Attorney, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gloria Alice Condit appeals a grant of summary judgment by the United States magistrate[1] affirming the decision of the Secretary of Health and Human Services[2] (the Secretary) denying her application for disability insurance benefits. Because we find the decision of the Secretary not supported by substantial evidence, we vacate the judgment affirming that decision and remand for further proceedings.
 
 
 2
 At the time of the hearing before the ALJ, Condit was 52 years old and had worked as a secretary for twenty years. Thereafter, she was a medical transcriber from 1974 to 1979. On March 29, 1979, Condit was in an automobile accident in which her car was struck from the rear. Her medical problems began after this accident and she has only worked two days since its occurrence. Condit has alleged a disability as of May 22, 1982, based on chronic neck and back pain.
 
 
 3
 The ALJ concluded that Condit has a "severe impairment" within the meaning of 20 C.F.R. Secs. 404.1520(c) and .1521 (1985), stating that Condit suffers from "severe cervical and lumbar strain with radiographic evidence of degenerative arthritis and a possible herniated disc at the L5-Sl level." Despite the existence of this condition, the ALJ and the magistrate concluded that Condit's medical impairment does not prevent her from performing her past work as a medical transcriber, a type of job that is "sedentary" to "light." See 20 C.F.R. Sec. 404.1567 (1985). In addition, the ALJ and the district court concluded that Condit did not establish that the pain caused by her medical condition was of a degree to prevent her from performing her job. 42 U.S.C. Sec. 423(d)(5)(A); 20 C.F.R. Sec. 404.1529 (1985).
 
 
 4
 The findings of the Secretary that Condit can "meet the exertional demands of light work" and that "light work activity would not cause pain of a level of severity which would significantly interfere with her work" are not supported by substantial evidence. Under the regulations, "light work" involves lifting no more than 20 pounds with frequent lifting of no more than 10 pounds. Work may be classified as "light work" if it requires a good deal of walking or standing, rather than lifting. 20 C.F.R. Sec. 404.1567(b) . Of the four orthopedic surgeons whose diagnoses were relied upon by the Secretary, not a single one indicated that Condit could lift up to 20 pounds or do a great deal of walking or standing at the time of her examination. Moreover, only one of the physicians reported that Condit was able to perform work within the less arduous "sedentary" category, and this finding was contraverted by Dr. Azer's opinion that Condit was unable to perform any work activities.
 
 
 5
 Since we do not find substantial evidence to support the Secretary's decision that Condit is able to perform light work activity, we vacate the judgment below and remand to the district court with directions to remand to the Secretary for further proceedings to reexamine Condit's eligibility. Updated medical reports and an evaluation by a vocational expert[3] should be considered in these proceedings. Because the record and other materials before the court indicate that the decisional process would not be significantly aided by oral argument, we dispense with argument.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 [1]
 By mutual consent of the parties, the case was referred to a United States magistrate for all proceedings and appeal was taken directly to this Court. 28 U.S.C. Sec. 636(c)
 
 
 [2]
 Since the Appeals Council denied Condit's request for review, the decision of the administrative law judge (ALJ) became the final decision of the Secretary
 
 
 [3]
 In view of Condit's documented pain, reliance on the grids is inappropriate in this case